# THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| GENERAL CASUALTY COMPANY OF WISCONSIN,<br>    Plaintiff,<br><br>vs.<br><br>TECHLOSS CONSULTING AND RESTORATION, SHARGIO PATEL REALTY, LLC, CHICAGO TITLE LAND TRUST COMPANY, ALGONQUIN-BUSSE BUILDING, LLC, SUBURBAN REAL ESTATE SERVICES INC., and ROBERT KARBIN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Case no.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

General Casualty Company of Wisconsin ("General Casualty") brings this Complaint seeking a declaration of the parties' rights and obligations under a contract of insurance and states as follows:

## **NATURE OF THE SUIT**

1. This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332.

2. An actual and justiciable controversy exists between General Casualty and Defendants. This action will resolve a dispute as to whether a policy of insurance issued by General Casualty to Techloss Consulting and Restoration ("Techloss") obligates General Casualty to defend or indemnify Techloss, Shargio Patel Realty, LLC ("Patel Realty"), Chicago Title Land Trust Company ("Chicago Title"), Algonquin-Busse Building, LLC ("Algonquin-Busse") or Suburban Real Estate Services, Inc. ("Suburban") in connection with a lawsuit captioned *Karbin v. Algonquin-Busse Building et al.*, case

number 16-L-8653 (Cook County, Illinois) ("Underlying Lawsuit").

## PARTIES, JURISDICTION AND VENUE

3. General Casualty Company of Wisconsin ("General Casualty") is a corporation organized under the laws of Wisconsin with its principal place of business in New York. General Casualty is a citizen of Wisconsin and New York.

4. Techloss is an Illinois corporation with its principal place of business in Illinois. Techloss is a citizen of Illinois.

5. Patel Realty is an Illinois limited liability company with its principal place of business in Illinois. Patel Realty has one member whose listed address is in Illinois. Patel Realty is a citizen of Illinois.

6. Chicago Title is an Illinois corporation with its principal place of business in Illinois. Chicago Title is a citizen of Illinois.

7. Algonquin-Busse is an Illinois limited liability company with its principal place of business in Illinois. Algonquin-Busse has two members, both of whom are Illinois residents. Algonquin-Busse is a citizen of Illinois.

8. Suburban is an Illinois corporation with its principal place of business in Illinois. Suburban is a citizen of Illinois. Suburban is a necessary party to this declaratory judgment action and has been joined solely to be bound by the judgment rendered in this case. No specific relief is sought against Suburban. In the event Suburban stipulates and agrees to be bound by the resolution of this case, General Casualty will seek to voluntarily dismiss it.

9. Robert Karbin ("Karbin") is an individual and a citizen of Illinois. As the plaintiff in the Underlying Lawsuit, Karbin is a necessary party to this declaratory

2

judgment action and has been joined solely to be bound by the judgment rendered in this case. No specific relief is sought against Karbin. In the event Karbin stipulates and agrees to be bound by the resolution of this case, General Casualty will seek to voluntarily dismiss him.

10. Diversity jurisdiction exists. Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

11. Venue is proper as some or all of the events giving rise to this dispute took place within this district.

## UNDERLYING LAWSUIT

12. On August 31, 2016, Karbin filed a complaint in the Underlying Lawsuit in the Circuit Court of Cook County.

13. On January 5, 2017, Karbin filed a Second Amended Complaint in the Underlying Lawsuit naming Patel Realty, Chicago Title, Algonquin-Busse Building, LLC ("Algonquin"); and Suburban Real Estate Services, Inc. ("Suburban") as defendants ("Underlying Complaint"). A copy of the Underlying Complaint is attached as **Exhibit A**.

14. The Underlying Complaint asserts causes of action for negligence and premises liability.

15. The Underlying Complaint contains the following allegations against Patel Realty and Chicago Title:

    a. On or about July 11, 2016, Patel Realty owned, managed, and/or leased property known as 1613 W. Algonquin Road in Mount Prospect, Illinois ("the Property").

    b. On or about July 11, 2016, Chicago Title owned, managed, and/or

leased the Property.

c. On or about July 11, 2016, Karbin worked for Techloss, which rented space at the Property.

d. On or about July 11, 2016, Karbin was inspecting cabling in the ceiling of the Property when the ceiling above and around him collapsed, causing him to fall from a ladder and sustain injuries.

e. Patel Realty and/or Chicago Title negligently allowed an unsafe ceiling to exist at the Property, failed to warn of the unreasonably dangerous condition, failed to eliminate the dangerous condition, or failed to have ceilings that complied with applicable building codes.

16. The Underlying Complaint contains the following allegations against Suburban:

a. On or about July 11, 2016, Suburban owned, managed, and/or leased property known as 1613 W. Algonquin Road in Mount Prospect, Illinois ("the Property").

b. Prior to July 11, 2016, Suburban served as the landlord and/or managing agent of the Property.

c. On or about July 11, 2016, Karbin worked for Techloss, which rented space at the Property.

d. On or about July 11, 2016, Karbin was inspecting cabling in the ceiling of the Property when the ceiling above and around him collapsed, causing him to fall from a ladder and sustain injuries.

e. Suburban negligently constructed an unsafe ceiling with insufficient

wire supports, inadequate runner connections, and which was improperly weighted down with batt insulation to exist at the Property; allowed an unsafe ceiling to exist at the Property; failed to warn of the unreasonably dangerous condition; failed to eliminate the dangerous condition; or failed to have ceilings that complied with applicable building codes.

17. On December 5, 2017, Suburban filed a third-party complaint ("TPC") against Techloss. A copy of the TPC is attached as **Exhibit B.**

18. The TPC contains the following allegations against Techloss:

    a. On July 11, 2016, Techloss leased space and occupied space as a tenant at the Property.

    b. On July 11, 2016, Techloss was a tenant subject to an industrial building lease ("the Lease") between Chicago Title and R&R Technology Group LLC d/b/a Techloss Consulting & Restoration, LLC.

    c. On July 11, 2016, Karbin was acting within the scope of his employment with Techloss when he was injured while inspecting the ceiling.

    d. At the time of the accident, Techloss owed a duty to exercise reasonable care for its employees' safety, including that of Karbin.

    e. Techloss' negligence contributed to Karbin's injuries by failing to train Karbin to use a ladder, allowing an unsafe ceiling to exist on the Property, failing to inspect and repair the ceiling, and generally failing to adequately supervise/train its employees as to proper safety practices.

19. Suburban alleges that it has the right to contribution from Techloss should Suburban be found liable to Karbin.

## **GENERAL CASUALTY POLICY**

20. General Casualty issued FlexBiz Policy No. CCI0288663 to named insured Techloss Consulting and Restoration Inc. with effective dates from September 6, 2015 to September 6, 2016 ("the Policy"). The Policy provides general liability coverage with limits of liability of $2 million per occurrence and $4 million in the aggregate. A copy of the Policy is attached as **Exhibit C**.

21. QBE Americas Inc., ("QBE") is authorized to handle claims under the Policy as the designated representative of General Casualty.

## **LEASE AGREEMENT AND SALE OF PROPERTY**

22. Chicago Title and R&R Technology Group LLC d/b/a Techloss Consulting & Restoration, LLC ("Techloss LLC") entered into an industrial lease agreement effective September 15, 2009 ("the Lease"). A copy of the Lease is attached as **Exhibit D**.

23. Chicago Title (as trustee under Trust No. 26-99860) is listed as "Landlord" on the Lease.

24. R & R Technology Group LLC dba Techloss Consulting & Restoration LLC is listed as "Tenant" on the lease.

25. The Lease lists the Landlord's mailing address as Algonquin-Busse Building Partnership, 827 Rolling Pass, Glenview, Illinois 60025, Attn: Eileen Nash.

26. The Lease's term is from the "Commencement Date" of September 15, 2009 to March 31, 2015 "unless sooner terminated pursuant to the terms of this Lease."

27. The Lease contains an insurance provision that requires Techloss LLC to name "Landlord and Landlord's mortgagee, if any" as additional insureds.

28. The Lease's insurance provision states that the insurance specified shall be maintained "[t]hroughout the term of the lease."

## COUNT I – DECLARATORY JUDGMENT (TECHLOSS)
### Employer's Liability Exclusion Bars Coverage

29. General Casualty repeats and realleges the allegations of Paragraphs 1-28 as if fully set forth herein.

30. General Casualty sent a letter to Techloss denying coverage in relation to the TPC and the Underlying Lawsuit and requested that Techloss withdraw its claim.

31. Techloss has not responded to the request that it withdraw its claim for insurance coverage.

32. The Policy contains the following insuring agreement applicable to liability coverage:

### BUSINESSOWNERS COVERAGE FORM

\* \* \*

**SECTION II - LIABILITY**

**A. Coverages**

    **1. Business Liability**

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" ….

7

(Ex. C Form BP 00 03 01 06 at p. 29 of 47).

33. The Policy contains the following exclusion:

**B.** **Exclusions**

   **1.** **Applicable to Business Liability Coverage**

   This insurance does not apply to:

   \* \* \*

   e. Employer's Liability

   "Bodily injury" to:

   (1) An "employee" of the insured arising out of and in the course of:

   (a) Employment by the insured; or

   (b) Performing duties related to the conduct of the insured's business;

   \* \* \*

   This exclusion applies:

   (1) Whether the insured may be liable as an employer or in any other capacity; and

   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

   This exclusion does not apply to liability assumed by the insured under an "insured contract".

(Ex. C Form BP 00 03 01 06 at p. 32 of 47).

34. The Policy contains the following definitions:

   **F.** **Liability and Medical Expenses Definitions**

8

\* \* \*

    **3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these at any time.

\* \* \*

    **5.**    "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \*

    **9.**    "Insured contract" means:

        a.    A contract for lease of premises….

\* \* \*

    **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(Ex. C Form BP 00 03 01 06 at pp. 41-42 of 47).

    35.    The TPC is a claim for contribution related to bodily injuries sustained by Techloss' employee, Robert Karbin.

    36.    In the TPC, Suburban alleges that Karbin "was acting within the scope of his employment with Techloss" when he sustained his injuries.

    37.    The Policy excludes coverage for bodily injury to an employee of the insured in the course of employment by the insured or in the course of duties related to the conduct of the insured's business.

    38.    The alleged bodily injuries arose out of Karbin's work as a Techloss employee.

    39.    The Policy's Employer's Liability exclusion bars coverage in relation to the

Underlying Lawsuit.

40. General Casualty owes no defense or indemnity to Techloss under the Policy in relation to the TPC.

### COUNT II – DECLARATORY JUDGMENT (PATEL REALTY)
**Patel Realty Is Not An Insured Under The Policy**

41. General Casualty repeats and realleges the allegations of Paragraphs 1-40 as if fully set forth herein.

42. Patel Realty has requested defense and indemnity as an additional insured under the Policy in relation to the Underlying Lawsuit.

43. QBE sent a letter to counsel for Patel Realty disclaiming coverage for Patel Realty in relation to the Underlying Lawsuit.

44. In its disclaimer letter, QBE explained that Patel Realty is not an insured under the Policy and requested that Patel Realty withdraw its tender.

45. Patel Realty has not agreed to withdraw its request for coverage.

46. Patel Realty is not a named insured under the Policy.

47. The Policy contains an endorsement titled "Blanket Additional Insured - When Required By Written Agreement endorsement ("Additional Insured Endorsement").

48. The Additional Insured Endorsement provides as follows:

**Paragraph C. Who is an insured in Section II – Liability**

    **A.**    Is amended to include as an additional insured any person or organization when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury",

10

> property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions…of those acting on your behalf:
>
> **1.** In the performance of your ongoing operations; or
> **2.** In connection with your premises owned or rented to you.
>
>         \*      \*      \*
>
> **C.** Any coverage provided hereunder shall be excess over any other valid and collectible insurance available to the additional insured whether that insurance is primary, excess, contingent or on any other basis, unless you and the additional insure[d] have specifically agreed in a written contract or written agreement that this insurance be primary.

(Ex. C at Form BP 70 84 11 09).

49. General Casualty has been provided with no written agreement between Techloss and Patel Realty in which Techloss agrees to name Patel Realty as an additional insured.

50. Neither Techloss nor Patel Realty is a party to the Lease. Even if they were parties to the Lease, it expired prior to the accident.

51. The Automatic Additional Insured Endorsement is inapplicable because there is no written contract or agreement between Techloss and Patel Realty.

52. General Casualty owes no defense or indemnity to Patel Realty under the Policy in relation to the Underlying Lawsuit.

### COUNT III – DECLARATORY JUDGMENT (CHICAGO TITLE)
**Chicago Title Is Not An Insured Under The Policy**

53. General Casualty repeats and realleges the allegations of Paragraphs 1-52 as if fully set forth herein.

54. QBE has asked Chicago Title whether Chicago Title is seeking coverage

as an additional insured under the Policy.

55. Chicago Title has not responded.

56. To the extent Chicago Title is requesting coverage, it is not entitled to it.

57. Chicago Title is not a named insured under the Policy and does not qualify as an additional insured under the ("Additional Insured Endorsement").

58. Techloss LLC entered into the Lease with Chicago Title with effective dates of September 15, 2009 to March 31, 2015.

59. The Lease requires that Tenant (Techloss LLC) name Landlord (Chicago Title) as an additional insured "[t]hroughout the term of the lease."

60. Any obligation for Techloss LLC to provide additional insured coverage to Chicago Title under the Policy expired, at the latest, on March 31, 2015.

61. The accident alleged in the Underlying Lawsuit occurred on July 11, 2016.

62. There was no written contract or agreement between Chicago Title and Techloss in effect on July 11, 2016 that would require Techloss to provide additional insured coverage to Chicago Title in relation to the Underlying Lawsuit.

63. General Casualty owes no defense or indemnity to Chicago Title under the Policy in relation to the Underlying Lawsuit.

### COUNT IV – DECLARATORY JUDGMENT (ALGONQUIN-BUSSE)
### Algonquin-Busse Is Not An Insured Under The Policy

64. General Casualty repeats and realleges the allegations of Paragraphs 1-63 as if fully set forth herein.

65. Algonquin-Busse sent a letter to Techloss tendering a request for defense and indemnity in relation to the Underlying Lawsuit.

66. QBE has denied any obligation to defend or indemnify Algonquin-Busse in relation to the Underlying Lawsuit.

67. Algonquin-Busse is not a named insured under the Policy and does not qualify as an additional insured under the Additional Insured Endorsement.

68. Techloss entered into the Lease with Chicago Title with effective dates of September 15, 2009 to March 31, 2015.

69. The Lease requires that Tenant (Techloss LLC) name Landlord (Chicago Title) as an additional insured "[t]hroughout the term of the lease."

70. Neither Techloss nor Algonquin-Busse are parties to the Lease. Even if they were parties to the Lease, it expired prior to the accident.

71. General Casualty has been provided with no written agreement between Techloss and Algonquin-Busse in which Techloss agrees to name Algonquin-Busse as an additional insured.

72. The Automatic Additional Insured Endorsement is inapplicable because there is no written contract or agreement between Techloss and Algonquin-Busse.

73. General Casualty owes no defense or indemnity to Algonquin-Busse under the Policy in relation to the Underlying Lawsuit. There was no written contract or agreement between Algonquin-Busse and Techloss in effect on July 11, 2016 that would require Techloss to provide additional insured coverage to Algonquin-Busse in relation to the Underlying Lawsuit.

74. General Casualty owes no defense or indemnity to Algonquin-Busse under the Policy in relation to the Underlying Lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, General Casualty respectfully requests this Honorable Court grant judgment in General Casualty's favor and enter an order declaring that it has no duty to defend or indemnify any Defendant in relation to the Underlying Lawsuit and any other and further relief that the Court deems appropriate.

GENERAL CASUALTY COMPANY OF WISCONSIN

BY: /s/Michael P. Baniak
      One of its Attorneys

Dennis M. Dolan (# 6229150)
Michael P. Baniak (# 6299036)
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
(312) 781-6641 (Dolan)
(312) 781-6596 (Baniak)
(312) 781-6630 Fax
dolan@litchfieldcavo.com
baniak@litchfieldcavo.com